**E-FILED**
Tuesday, 19 October, 2010 02:18:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVIS P. TRIBBLE,
Plaintiff,

vs. 09-1417

MICHAEL P. RANDLE and GEORGE MONTES,
Defendants.

CASE MANAGEMENT ORDER

This pro se plaintiff, David Tribble, has filed his complaint pursuant to 42 U.S.C.§1983 against two defendants: Illinois Department of Corrections Director Michael Randle and Illinois Prisoner Review Board Chairman George Montes. The plaintiff is no longer incarcerated and therefore his obligation to pay filing fees is determined by evaluating whether he qualifies under the general *in forma pauperis* provision of 28 U.S.C. §1915.

It appears from the plaintiff's financial affidavit that he is unable to pay the filing fee in this lawsuit. However, before the plaintiff can proceed *in forma pauperis*, the court must determine whether the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C.§1915(e)(2).

The plaintiff claims he was released from the Illinois Department of Corrections on February 8, 2008 after serving 36 months. The plaintiff is asking for damages for his "illegal and unlawful restraint of my liberty in violation of the 5th and 14th Amendments" (Comp, p. 9) The plaintiff appears to be claiming that he was not allowed the correct amount of good time credits. (Comp, p. 6) The plaintiff says the denial of good time credits was "a direct result of the defendants calculating by aggregation the term of imprisonment and the term of parole." (Comp, p. 6). In other words, the plaintiff is accusing the defendants of miscalculating his release date.

The Seventh Circuit has held that a plaintiff claiming that mistakes lead to a miscalculation of his sentence has failed to state a violation of his due process rights. *Toney-El v. Franzen,* 777 F2d. 1224 (7th Cir. 1985). In *Franzen*, the court stated that there were various remedies available to the plaintiff that he could have utilized such as writing a letter to the defendants and notifying them of the error, filing a grievance, filing a petition in state court for a writ of mandamus to correct the error, or filing a complaint in state court based on false imprisonment. *Id.* at 1228. Therefore, "[b]ecause Illinois law and the informal procedures of the Department of Corrections provided [the plaintiff] with remedies that were both adequate and available, [he] has failed to allege a violation of the Due Process Clause..." *Id.; See also Weilburg v. Suggs*, 2007 WL 1498852(C.D.Ill. May 21, 2007). The plaintiff's lawsuit is therefore dismissed for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED that the plaintiff's motion to proceed in forma pauperis is denied [d/e 2] and his case is dismissed for failure to state a claim on which relief can be granted. 28 U.S.C.§1915(e)(2).The plaintiff must still pay the full**

**docketing fee of $350.00 even though his case has been dismissed.**

Entered this 19th day of October, 2010.

**\s\Harold A. Baker**

________________________________________

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE